287 S.E.2d 922

**STATE of West Virginia**

v.

**Jeffrey Eugene EVANS.**

**No. 15333.**

Supreme Court of Appeals of
West Virginia.

March 5, 1982.

D. Grove Moler, Mullens, for appellant.

Chauncey H. Browning, Atty. Gen. and Richard E. Hardison, Deputy Atty. Gen., Charleston, for appellee.

NEELY, Justice:

Appellant, Jeffrey Eugene Evans, was convicted of second degree murder after a jury trial in the Circuit Court of Wyoming County on 27 July 1981.

Shortly after 9:00 p. m. on 19 September 1980, the appellant and Ernie Hall arrived at the appellant's mobile home after an evening at a pool hall where the appellant had ingested a number of valium pills and some beer. At approximately 10:15 p. m. that evening the appellant's wife, Robin

Evans, came to the mobile home. An argument then started between the appellant and his wife. Ernie Hall stayed in the mobile home when Robin Evans and the appellant went outside and continued the argument. Shortly after reentering the mobile home, the appellant shot Ernie Hall. The appellant immediately called the sheriff's office and the victim's brother. The sheriff arrested the appellant that night. Following Ernie Hall's death on 20 September 1980, the Wyoming County Grand Jury indicted the appellant for first degree murder.

At trial the wife testified that while she and her husband were outside he pushed her up against her car and grabbed her by the throat. According to her he also said that "he wasn't letting nobody mess over him" and that he "meant to pay them back one way or another." As Robin Evans walked down the driveway the appellant shouted after her. She then turned to follow the appellant back into the mobile home. Shortly after the appellant entered the mobile home but before Robin Evans got there, Robin Evans heard a shot and then heard Ernie Hall say "Why did you do that for, man, why did you do that?"

When the State called Robin Evans to testify, the appellant's counsel objected citing the privilege against adverse spousal testimony. The State claimed that the couple were then divorced. However, the record shows that while a hearing had been held upon a divorce petition, a divorce decree had not yet been entered. Nevertheless, the trial judge ruled that the wife could testify if she wanted to. The court alluded to a recent United States Supreme Court case that permitted one spouse to testify against the other. The appellant

asserts that this ruling by the trial court was in error.[1] We agree.

 *W.Va.Code*, 57–3–3 [1923] provides a privilege against adverse spousal testimony. Under this statute, this privilege may be claimed by either the witness-spouse or the defendant-spouse.[2] The statute applies in this case because at the time of trial the appellant and Robin Evans were married. While a hearing had been held, no divorce decree had been entered. Hence the divorce was not in effect. *See e.g., Humphrey v. Mauzy*, 155 W.Va. 89, 181 S.E.2d 329 (1971); *see also, State v. Mason*, 157 W.Va. 923, 205 S.E.2d 819 (1974). Absent the entry of such a decree, Robin Evans was still the appellant's spouse and potential heir at law with full rights of dower. *See W.Va.Code*, 48–22–20 [1969]; *Hartigan v. Hartigan*, 65 W.Va. 471, 64 S.E. 726 (1909). We also note that absent such a decree, the couple could have achieved a reconciliation without having to go before a court to do so.

From the record the trial court did not seem concerned about whether the appellant was still married. The court alluded on several occasions to a new Supreme Court ruling that limited the privilege against adverse spousal testimony so that it could be exercised only by the witness-spouse. The trial court was correct that the United States Supreme Court did make such a ruling in *Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). However, the trial court was incorrect in thinking that the *Trammel* holding has any effect on our statute that vests the privilege in the defendant-spouse as well.

Under the Federal Rules of Evidence testimonial privileges are "governed by the principles of the common law as they may

---

**1.** The appellant also made three other assignments of error, namely, insufficiency of evidence to show malice; inadequate instructions on the burden of proof; and undue emphasis on an irrelevant but prejudicial subject. However, since reversal is required by the spousal testimony issue, we see no need to address those assignments.

**2.** *W.Va.Code*, 57–3–3 [1923] as follows:

In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence

governing other witnesses, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other except in the case of a prosecution for an offense committed by one against the other, or against the child, father, mother, sister or brother of either of them. The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by anyone.

be interpreted ... in the light of reason and experience." *Fed.R.Evid.* 501. Hence, the Supreme Court in *Trammel* was free to modify the privilege against spousal testimony as long as "reason and experience" supported such a change. However, that change only affects cases conducted in jurisdictions in which the Federal Rules of Evidence or the common law rules concerning privileges apply. In the Circuit Court of Wyoming County and in this Court as well the contents of the privilege against spousal testimony are controlled by *W.Va. Code,* 57–3–3 [1923]. Should "reason and experience" dictate a change in that statute, it is up to our legislature to draft and pass appropriate modifications. *But see, State v. Freeman,* 302 N.C. 591, 276 S.E.2d 450 (1981) (court drastically modified North Carolina's statute limiting adverse spousal testimony).

Even if Robin Evans had been divorced from the appellant at the time of trial, she could not have testified about what the appellant said when they were outside the mobile home. Since these statements were made during the marriage they would be privileged under *W.Va.Code,* 57–3–4 [1923]. *Nash v. Fidelity-Phenix Fire Ins. Co.,* 106 W.Va. 672, 146 S.E. 726 (1929). Having found that the broader testimonial privilege of *W.Va.Code,* 57–3–3 [1923] applies in this case, we leave open the question of whether the appellant's physical actions outside the mobile home would have constituted protected confidential communication.

Having determined that the circuit court's ruling to permit Robin Evans to testify over the appellant's objection was in error, we now turn to whether the error requires a reversal of the conviction. The test to be applied was set forth by this Court in syl. pt. 2, *State v. Atkins,* 163 W.Va. 502, 261 S.E.2d 55 (1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980):

> Where improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury.

■ Using the above test in this case we find that if the wife's testimony had not been given there still would have been enough evidence to convict the appellant. There was testimony that the appellant had made threats concerning the victim at the pool hall shortly before he and the victim left to go to the appellant's mobile home. From such testimony the jury could have inferred the malice necessary to constitute second degree murder. Hence, following the *Atkins* analysis, we must next consider whether the wife's testimony had any prejudicial effect on the jury.

In looking for such prejudicial effect, the *Atkins* opinion advises us to consider: (1) the degree to which the error was tangential to the ultimate issue of guilt; (2) the degree to which the error was repeated or emphasized; (3) whether the error prompted a special jury instruction or elicited any questions from the jury; (4) the overall quality of the State's proof taking into consideration whether the case was based on circumstantial evidence; (5) whether the error related to critical testimony of the defendant; and (6) whether the cumulative impact of the error was great in the context of the entire trial. 261 S.E.2d at 62–63.

■ In this case the inadmissible testimony of the wife described the appellant's state of mind immediately before the shooting. Her testimony was the focus of attention at several times during the trial. The prosecutor outlined her anticipated testimony during the opening statement; the appellant's counsel objected when she was called during the State's case; the court made a point of determining whether her testimony was voluntary when she had taken the stand; and the prosecutor referred to various parts of her testimony in his closing statement. Where the state relies in part on the circumstances of the death

by a dangerous weapon to show malice and intent, we reaffirm the observation in *Atkins* that inadmissible testimony in such cases has a greater likelihood of being prejudicial.

■ Finally, we recognize that there is a danger of prejudice against a defendant in any criminal trial in which a spouse testifies against him. The mere specter of a spouse being willing to take the stand to testify against someone with whom he or she had taken marriage vows is not lost on the jury. Indeed the wording of our statute prohibits not only the testimony of a spouse but even the calling of the spouse as a witness. *W.Va.Code,* 57–3–3 [1923]; *see Wright v. Boles,* 275 F.Supp. 571 (N.D. W.Va.1967). For these reasons we find the admission of the wife's testimony to be reversible error.

Accordingly, for the reasons stated above, the judgment of the Circuit Court of Wyoming County is reversed.

Reversed.