**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Robert BOBIN, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 30, 2006.

Filed Jan. 22, 2007.

Nancy Vernon, Assistant District Attorney, Uniontown, for Commonwealth, appellant.

Jason M. Walsh, Charleroi, for appellee.

BEFORE: ORIE MELVIN, McCAFFERY, and JOHNSON, JJ.

OPINION BY JOHNSON, J:

¶ 1 The Commonwealth of Pennsylvania appeals the trial court's orders excluding evidence related to Robert Bobin's use of methadone for substance abuse and statements made by Bobin's wife, Cheri Bobin, concerning his mental condition on the day of the traffic accident that underlies this action. The trial court concluded that admission of the statements and observations was precluded by the spousal privilege. In addition, the Commonwealth sought to admit the testimony and report of Bobin's psychiatrist, which included reference to his use of prescription drugs to control bipolar disorder and his treatment with methadone. The Commonwealth argues that the trial court erred in both rulings and that its prosecution of Bobin is substantially handicapped. We conclude that the trial court did not err. Accordingly, we affirm the court's order.

¶ 2 The trial court's opinion recites the following facts underlying this matter. Neither party disputes their accuracy.

On April 3, 2004, at or about 7:15 A.M.[,] the defendant was operating a black Lexus automobile in a southerly direction on State Route 51 in Perry Township, Fayette County, Pennsylvania. State Route 51 is a paved four-lane roadway with two lanes southbound and two lanes northbound, separated by a four-foot wide medial strip. As defendant was proceeding southbound on State Route 51, his vehicle crossed the medial strip[,] entering into the northbound lanes and collided with a Ford Probe automobile being operated in a northerly direction by James P. Stokes. As a result of the collision, James P. Stokes died from blunt force injuries suffered in the accident. At the time of

the accident[,] the outside temperature was approximately 40 degrees, the sky was overcast and the roadway was wet. The defendant, who was not conscious following the collision, was extracted from his automobile, transported to Uniontown Hospital and shortly thereafter transferred to Ruby Memorial Hospital in Morgantown, West Virginia.

On April 16, 2004, at or about 10:15 P.M., Pennsylvania State Police Trooper Christopher Klacik spoke with the defendant by telephone at Ruby Memorial Hospital. Defendant indicated to the officer that he did not remember anything about the accident. He related to Trooper Klacik that he was on his way to Uniontown that morning and that he always wears his seatbelt. He was unable to recall how or why the accident occurred. Toxicological reports obtained from the defendant's medical records at Uniontown Hospital and Ruby Memorial Hospital disclosed that the defendant had no alcohol or illegal substances in his system.

On April 3, 2004, four hours after the accident[,] at or about 11:17 A.M., defendant's wife, Cheri Bobin, called the State Police station and conversed with Officer Klacik. She indicated that at the time of the accident, the defendant was on his way to the ASI Clinic, a methadone clinic, in Uniontown, Pennsylvania. She further indicated that the defendant previously had a substance abuse problem, and that he was being treated for a bipolar condition at the Western Psychiatric Institute. She related to the officer that the defendant was on Restoril and Clonazepam for his anxiety attacks. She indicated that she had told the doctor that his medications were clashing and that he was confused and disoriented.

As a result of his conversation with the defendant's wife, Trooper Klacik se-

cured a subpoena for the defendant's psychiatric records which he then obtained from Western Psychiatric Institute and Clinic, Pittsburgh, Pa. A copy of the four-page psychiatric evaluation is contained in the discovery materials.

Trial Court Opinion, 6/9/06, at 1–3.

¶ 3 This case was called to trial on November 7, 2005, whereupon Bobin filed four motions *in limine,* all of which the trial court granted. Two of the court's orders recognized Cheri Bobin's exercise of the spousal privilege under 42 Pa.C.S. section 5913 and concluded that she could not be called to testify against her husband generally and could not be called to testify specifically concerning the content of her telephone conversation with Trooper Klacik. In the remaining two orders, the court barred all evidence concerning Bobin's treatment with methadone and all evidence bearing on his psychiatric records. The Commonwealth then filed this interlocutory appeal, certifying that the trial court's rulings substantially handicap the prosecution. The Commonwealth raises the following questions for our review:

I. Whether the [trial] court erred in granting defendant's motion in limine which barred the Commonwealth from offering any evidence or reference to statements made by the wife of the defendant to the prosecuting officer, said evidence being offered as an exception to the harsay *[sic]* rule and/or as an exception to the spousal privilege?

II. Whether the [trial] court erred in granting defendant's [motion] in limine which barred the Commonwealth from presenting any evidence regarding the [defendant's] treatment for *[sic]* methadone or the effects of methadone treatment on the ability to [operate] a motor vehicle?

III. Whether the [trial] court erred in granting the defendant's motion in limine which barred the Commonwealth from calling the defendant's wife to testify about her observations of the physical condition of the defendant on or about the time of or prior to the incident?

IV. Whether the [trial] court erred in granting the defendant's motion in limine which barred the Commonwealth from offering any evidence regarding the defendant's psychiatric records and or calling the psychiatrist to testify regarding the defendant's condition and the psychiatrist's advice [contained] in those records not to drive while undergoing methadone treatment, said records being lawfully obtained by the Commonwealth through search warrant?

Brief for Appellant at 3–4 (capitalization minimized to aid readability).

¶ 4 All of the Commonwealth's questions challenge the trial court's orders granting Bobin's motions *in limine.* "A motion in *limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." *Commonwealth v. Zugay,* 745 A.2d 639, 644 (Pa.Super.2000) (citation omitted). Consequently, our review of the court's disposition is governed by an abuse of discretion standard. *See id.* at 645 ("Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent a clear abuse of discretion.") (citation omitted).

¶ 5 The Commonwealth addresses its first and third questions together; accordingly, we do so as well. In support of its first question, the Commonwealth as-

serts that the trial court erred in precluding the admission of Cheri Bobin's statements to Trooper Klacik concerning her husband's treatment with methadone for substance abuse and other prescription medications for bipolar disorder, depression, and dementia. Brief for Appellant at 9–10. In support of its third question, the Commonwealth urges that the trial court erred in precluding Cheri Bobin's testimony concerning her husband's physical and mental condition when he left home on the morning of the accident, which condition she attributed to conflicting medications. Brief for Appellant at 10. The trial court concluded, *inter alia,* that both matters were subject to the spousal privilege enunciated at 42 Pa.C.S. section 5913, which delimits the circumstances under which spouses may be compelled to testify against one another. Trial Court Opinion, 6/9/06, at 5–6. The court concluded that because none of the circumstances enunciated by the statutory privilege apply in this case, Cheri Bobin may not be compelled to testify against her husband. Trial Court Opinion, 6/9/06, at 6. We agree.

¶ 6 The statutory spousal privilege in question sharply limits the availability to the Commonwealth of incriminating spousal testimony:

**§ 5913. Spouses as witnesses against each other**

Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege, which he or she may waive, not to testify against his or her then lawful spouse except that there shall be no such privilege:

(1) in proceedings for desertion and maintenance;

(2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them;

(3) applicable to proof of the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other; or

(4) in any criminal proceeding in which one of the charges pending against the defendant includes murder, involuntary deviate sexual intercourse or rape.

42 Pa.C.S. § 5913. As the trial court recognized in its opinion, the Commonwealth's case against Bobin does not implicate any of the foregoing circumstances. Although the case involves the death of the victim, the charge at issue is not Murder, as specified in subsection (4), but Homicide by Vehicle. The obvious disparity between the elements of these crimes substantiates our conclusion that the legislature intended to prescribe an exception to the spousal privilege for one, but not the other. Although Homicide by Vehicle, like Murder, is premised upon the death of a human being at the hands of a culpable defendant, the level of culpability prescribed by the respective statutes is dramatically different. A charge of Murder in any degree requires proof that a killing was intentional, the result of malice. *See Commonwealth v. McHale,* 858 A.2d 1209, 1213 (Pa.Super.2004) ("[M]alice is the element that raises criminal homicide to culpable murder."). A charge of Vehicular Homicide, by contrast, may be proven upon a showing of only gross negligence. *See* 75 Pa.C.S. § 3732(a). Because the Commonwealth did not charge Bobin with Murder, the only circumstance under which Cheri Bobin might be compelled to testify against him on the facts here at issue does not exist.

¶ 7 The Commonwealth does not address the foregoing distinction, or acknowledge that the trial court's ruling arises specifically from its application of 42 Pa.C.S.

section *5913*. Rather, it attempts to argue the case on the basis of section *5914*, concerning confidential communications between spouses, and our decision in *Commonwealth v. McBurrows*, 779 A.2d 509 (Pa.Super.2001) *(en banc)*, which limited the circumstances to which section 5914 might apply. We find *McBurrows* inapplicable to this case for the same reason we find Cheri Bobin's testimony inadmissible by virtue of section 5913, namely, the absence of a murder charge in this case.

¶ 8 Section 5914 allows a spouse not to divulge "confidential communications" exchanged within the confines of the marital relationship even where the spouse's testimony is excluded from the spousal privilege under section 5913. *See* 42 Pa.C.S. § 5914 ("Except as otherwise provided in this subchapter, in a criminal proceeding neither husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial."). In *McBurrows*, we recognized merely that where a defendant is charged with Murder, his spouse's observations of his *conduct* cannot be treated as privileged communications. *See* 779 A.2d at 518. Significantly, our decision in *McBurrows* was specifically premised upon a charge of Murder, which in this case does not exist. *See id.* at 510. Had Bobin been charged with Murder and had Cheri Bobin attempted to cloak her observations in the spousal privilege for confidential communications under section 5914, our holding in *McBurrows* might apply. Nevertheless, such circumstances do not appear on this record; Cheri Bobin did not attempt to exercise section *5914* and, more importantly, the Commonwealth did not charge Bobin with Murder. Consequently, we find unavailing the Commonwealth's argument seeking to deprive Bobin of the spousal privilege to which she is entitled under section *5913*. The trial court did not err in so concluding. Cheri Bobin may not be compelled to testify against her husband.

¶ 9 The Commonwealth also addresses its second and fourth questions together. In support of its second question, the Commonwealth asserts that the trial court erred in excluding evidence of Bobin's methadone treatment and the effects of methadone on the user's ability to drive. Brief for Appellant at 3. In support of its fourth question, the Commonwealth asserts that the trial court erred in excluding Bobin's psychiatric and medical records showing that the defendant's blood contained a barbiturate prescribed for seizures. Brief for Appellant at 12. The Commonwealth's argument in support of these claims is, however, markedly insufficient, amounting to less than one half page and containing no analysis or case citation. *See* Brief for Appellant at 12. Under similar circumstances we have deemed appellants' related claims waived. *See Commonwealth v. Thomas*, 909 A.2d 860, 862 (Pa.Super.2006) ("[G]iven the paucity of citation to authority in Thomas's brief and the complete absence of analysis, we are constrained to deem his claim waived."); *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa.Super.2006) ("Because Hakala fails to offer either analysis or case citation in support of the relief he seeks, we deem all of his questions waived."). Due to the Commonwealth's failure to substantiate its claims through appropriate analysis and case citation, we apply the same treatment here and deem the Commonwealth's second and fourth questions waived.

¶ 10 For the foregoing reasons, we affirm the trial court's orders.

¶ 11 Orders **AFFIRMED.**