**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Angel L. VALLE–VELEZ, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 2010.

Filed May 27, 2010.

Robert W. McAteer, Asst. Dist. Atty., Lebanon, for Com., appellant.

Justin J. McShane, Harrisburg, for appellee.

BEFORE: SHOGAN, OLSON, and KELLY, JJ.

**1266**

OPINION BY OLSON, J.:

¶ 1 The Commonwealth appeals the trial court's order entered June 4, 2009, sustaining Appellee's motion in limine, and finding that the spousal competency privilege set forth in 42 Pa.C.S.A. § 5913 applies to Appellee's wife, where the couple has separated and filed for divorce, but remain legally married. We were surprised to find that consideration of the privilege within such circumstances is an issue of first impression and commend the trial court on a thorough and well reasoned consideration of this new issue. We affirm.

¶ 2 The facts of this case were summarized by the trial court as follows:

On November 1, 2008, Officer Larry Minnich of the Lebanon City Police Department stopped [Appellee] while he was driving an automobile owned by a woman by the name of Faith McMullen. During the encounter, Ms. McMullen arrived at the scene of the traffic stop. She agreed to permit Officer Minnich to search her vehicle. Officer Minnich found cocaine. As a result, [Appellee] was charged with several drug offenses.

Prior to trial, [Appellee] filed a Pre-Trial Motion for Writ of Habeas Corpus and a Motion in Limine. The Motion in Limine included a request to exclude the testimony from Katherine Fernandez (hereinafter "FERNANDEZ"). The Commonwealth advised [the trial court] that it sought to compel FERNANDEZ to testify about conversations she had with the [Appellee] pertaining to his drug distribution habits.

[The trial court] scheduled a hearing with respect to [Appellee's] Motion in Limine and conducted that hearing on June 4, 2009. At that hearing, [the trial court] learned that FERNANDEZ and [Appellee] were legally married in 2006 (N.T. 6). However, the [Appellee] and

FERNANDEZ separated in June of 2007 (N.T. 6). FERNANDEZ filed a Divorce Complaint on March 3, 2009 (N.T. 7). [The trial court] also learned that FERNANDEZ had become engaged to another man, James Kinney (N.T. 8–9). She classified her relationship with Mr. Kinney as a "committed relationship" (N.T. 35).

Without disclosing the details of her conversation, FERNANDEZ acknowledged that she spoke with [Appellee] regarding his involvement in this drug case (N.T. 19; 31). This conversation occurred when FERNANDEZ was either dropping off or picking up her children during a custody exchange (N.T. 20). FERNANDEZ initiated the conversation because she "wanted to know the truth" (N.T. 22). FERNANDEZ stated that she was concerned about the allegations "because of the kids" (N.T. 24). FERNANDEZ could not recall the precise date of her conversation with [Appellee]. However, she did indicate that the conversation occurred after she filed her Divorce Complaint in March of 2009 (N.T. 30).

During the general time frame when the conversation in question occurred, FERNANDEZ was employed as Lebanon County's court appointed Spanish interpreter. This job brought her into contact with police officers, members of the District Attorney's office, and personnel with the Lebanon County judicial system. Following her conversation with [Appellee], FERNANDEZ disclosed the nature of her conversation to Office Minnich, District Attorney David Arnold, and President Judge John C. Tylwalk (N.T. 32–33).

When she was sworn to testify on June 4, 2009, FERNANDEZ stated that she desired to assert her marital privilege (N.T. 5). [Appellee] argued that

both the privilege found at 42 Pa.C.S.A. § 5913 and the privilege found at 42 Pa.C.S.A. § 5914 applied. The Commonwealth asserted that neither privilege applied.

Trial Court Opinion, 7/30/09, at 1–3.

¶ 3 After considering the privilege set forth in 42 Pa.C.S.A. § 5914, often referred to as the "confidential communications privilege," the trial court concluded that the privilege did not apply because the communications in this matter were not "confidential" as that term was intended to apply under 42 Pa.C.S.A. § 5914. Trial Court Opinion, 7/30/09, at 4–8. The trial court then considered what it called the "spousal competency privilege" set forth at 42 Pa.C.S.A. § 5913, and concluded that this privilege did apply to Appellee's situation because, despite the couple's separation and pending divorce, they are still legally married. Trial Court Opinion, 7/30/09, at 8–11. The Commonwealth certified that application of the privilege in this matter would not end the entire case, but would substantially handicap its prosecution. Therefore, the Commonwealth instituted this appeal as of right pursuant to Pa.R.A.P. 311(d) and 42 Pa.C.S.A. § 702(a).[1]

¶ 4 The Commonwealth presents the following issue on appeal:

1. The Court has jurisdiction to hear this appeal. The Commonwealth included a statement that the suppression order appealed from terminated or substantially handicapped its prosecution in its notice of appeal and referenced Pa.R.A.P. 311(d) in its statement of jurisdiction. See Commonwealth v. Hoffman, 367 Pa.Super. 79, 532 A.2d 463, 463 (1987).

2. While the trial court's opinion also addressed the privilege set forth in 42 Pa.C.S.A. § 5914, it denied Ms. Fernandez's application of that privilege. Therefore, the Commonwealth limited its appeal to consideration of 42 Pa.C.S.A. § 5913 and we will do the same. Indeed, because we affirm based on the appli-

Whether the trial court erred in permitting Ms. Fernandez to invoke her spousal privilege pursuant to 42 Pa.C.S.A. § 5913.

Commonwealth's Brief at 4.[2]

¶ 5 The Commonwealth challenges the trial court's order granting Appellee's motion in limine. "A motion in limine is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." Commonwealth v. Bobin, 916 A.2d 1164, 1166 (Pa.Super.2007), quoting Commonwealth v. Zugay, 745 A.2d 639, 644 (Pa.Super.2000) (citation omitted). As a result, our consideration of the trial court's order is governed by an abuse of discretion standard. Zugay, 745 A.2d at 645 ("Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent clear abuse of discretion.") (citation omitted).

¶ 6 In this matter, the trial court granted Appellee's motion in limine, permitting Appellee's estranged spouse to invoke the privilege set forth at 42 Pa.C.S.A. § 5913, entitled "Spouses as witnesses against each other."[3] Specifically, § 5913 reads as follows:

cation of § 5913, there is no need to consider application of § 5914.

3. Throughout the trial court's opinion it referred to the privilege set forth at § 5913 as the "spousal competency privilege." Trial Court Opinion, 7/30/2009, at 8–11. While we hold that the trial court's ultimate application of that privilege was correct, we note that reference to it as the "competency" privilege is no longer accurate. Prior to its amendment in 1989 the privilege in § 5913 was in fact referred to as the "spousal competency privilege" because, in the appropriate circumstances, it deemed one spouse "incompetent" to testify against the other spouse. Common-

Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege, which he or she may waive, not to testify against his or her then lawful spouse except that there shall be no such privilege:

(1) in proceedings for desertion and maintenance;

(2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them;

(3) applicable to proof of the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other; or

(4) in any criminal proceeding in which one of the charges pending against the defendant includes murder, involuntary deviate sexual intercourse or rape.

42 Pa.C.S.A. § 5913.

¶ 7 Applying the language set forth in § 5913 to the facts of this case, an initial determination must be made as to whether a couple who has filed for divorce and is awaiting a final divorce decree is in a "lawful" marriage.[4] In this matter, the Commonwealth does not dispute that Appellee and Ms. Fernandez are still legally married, but instead argues that factors such as the couple's separation, their pending divorce, Ms. Fernandez's engagement to another man, and that Ms. Fernandez refers to herself as Appellee's ex-wife, render the marriage invalid (or unlawful). Commonwealth's Brief at 11. Therefore, according to the Commonwealth, the societal interest in preserving the marital harmony protected by the spousal privilege set forth at § 5913 is no longer applicable. *Id.*

■ ¶ 8 However, pursuant to Pennsylvania precedent, a lawful marriage is defined based upon the law and not the couple's behavior with respect to that marriage. For example, in *Commonwealth v. Clanton*, 395 Pa. 521, 151 A.2d 88, 92 (1959), the Pennsylvania Supreme Court held that a wife was a competent witness against her second spouse because she had never divorced her first husband and he was still alive. In so holding, the *Clanton* Court reasoned that "the test is not whether the parties to an allegedly lawful marriage believe that they are married; the

---

*wealth v. Newman*, 534 Pa. 424, 633 A.2d 1069, 1070 (1993). However, in 1989 the Legislature amended § 5913, changing it from a rule rendering the testifying spouse as incompetent, to a rule recognizing a privilege not to testify against one's spouse. *Id.* Therefore, the rule set forth in § 5913 is now more appropriately referred to as purely a privilege and not a rendering of incompetence. *Id.*

**4.** We note that both the trial court and the Commonwealth in this matter focused on the existence of a "valid" marriage as opposed to a "lawful" marriage. Prior to § 5913's amendments, the key basis for triggering the

spousal competency privilege was in fact the existence of a "valid" marriage. *Commonwealth v. Gorby*, 527 Pa. 98, 588 A.2d 902, 907 (1991); *Commonwealth v. Maxwell*, 505 Pa. 152, 477 A.2d 1309, 1316 (1984). However, in the 1989 amendments the Legislature expressly infused the word "lawful" into the statutory text, presumably declining to use the term "valid." While we are unable to decipher a difference between a "valid" and a "lawful" marriage, we follow the principles of statutory construction and hereinafter consider the existence of a "lawful" marriage as the key basis of triggering the privilege set forth in § 5913. *See* 1 Pa.C.S.A. § 1903.

test is whether in law they are legally married." *Id.; see also Maxwell,* 477 A.2d at 1315–1316 (rejecting husband's claim that his common-law wife should not have been forced to testify because *inter alia* wife was still legally married to her previous husband).

■ ¶ 9 We hold that the converse is every bit as applicable in this instance. Though Appellee and Ms. Fernandez no longer hold themselves out to be married, they are still legally married. That Ms. Fernandez has filed a divorce complaint does nothing to affect their marriage under the law, until the divorce decree is entered. Therefore, their marriage is "lawful" within the laws of Pennsylvania, and but for the express exceptions set forth in the language of the statute, the spousal privilege applies.[5]

■ ¶ 10 The Commonwealth also attempts to overcome § 5913 by arguing that Ms. Fernandez waived the privilege by divulging the nature of her conversation with Appellee to others. Commonwealth's Brief at 12. As indicated by the express language of the statute, the privilege can in fact be waived. 42 Pa.C.S.A. § 5913 ("a person shall have the privilege, **which he or she may waive**") (emphasis added). However, a spouse does not waive the privilege set forth in § 5913 by sharing the nature of the information with third parties. Indeed, the privilege afforded to a spouse under § 5913 permits that person to refuse to testify at all and, as such, the

witness may not be compelled to take the stand in the first place. *See, e.g., Commonwealth v. Hancharik,* 534 Pa. 435, 633 A.2d 1074, 1077 n. 2 (1993). Further, to hold that § 5913 is limited to confidential communications would all but usurp the intention of § 5914 which is expressly limited to confidential communications. *See* 1 Pa.C.S. § 1922(2) (presumption that Legislature intends entire statute to be effective).

■ ¶ 11 For example, in *Bobin,* hours after a car accident caused by the defendant in which a third party was killed, the defendant's wife called the state police to report circumstances about the defendant's drug use and mental health that may have led to the accident. *Bobin,* 916 A.2d at 1165. The defendant was later prosecuted for vehicular manslaughter, and despite openly sharing the incriminating information with the state police, we affirmed the trial court's grant of the defendant's motion in limine, permitting the wife to invoke the privilege set forth at § 5913. *Id.* at 1167–1168. In that case, we pointed out the distinction between the privilege at § 5914, and that set forth at § 5913. *Compare* 42 Pa.C.S.A. § 5914 *with* 42 Pa. C.S.A. § 5913. While the posture of that case did not require us to go so far as to expressly hold that § 5913 is not limited to confidential communications, we permitted the wife to invoke her spousal privilege, despite the non-confidential nature of the desired testimony. *Id.* We now hold that § 5913 is not limited to confidential com-

---

5. The Legislature set forth four explicit situations in which the privilege does not apply. 42 Pa.C.S.A. § 5913. Not one of those exceptions addresses the consequences of separation or a pending divorce. Had the Legislature wanted such factors to affect the application of the privilege, it could have easily included them in its exceptions. *See*

*Commonwealth v. Spotz,* 552 Pa. 499, 716 A.2d 580, 590 (1998) ("one fundamental maxim of statutory construction, 'expresio unius est exclusio alterius,' stands for the principle that the mention of one thing in a statute implies the exclusion of others not expressed.").

munications. Therefore, the Commonwealth's argument that Ms. Fernandez waived her privilege is without merit.

¶ 12 Finally, the Commonwealth attempts to avoid application of the privilege by disregarding the language of the statute, instead favoring policy considerations. According to the Commonwealth, to permit Ms. Fernandez to claim the marital privilege when she is cohabitating with another man with whom she is in a committed relationship elevates form over substance that the Pennsylvania Legislature did not intend, since the basis of the privilege is to preserve "marital harmony." Commonwealth's Brief at 12. Thus, the Commonwealth asks us to look beyond the express statutory language at the policy issues surrounding the spousal privilege statute. We decline to do so.

 ¶ 13 Under the commonly accepted tenets of statutory construction, we must apply statutory language as written, and avoid disregarding the language of a statute "under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b); *Clanton*, 151 A.2d at 92 (commenting that "the language of [the spousal privilege] cannot be ignored in pursuit of its spirit even though a broad or liberal construction would obviously protect society in criminal cases."). The privilege set forth at § 5913, as written, applies to "lawful spouses." 42 Pa.C.S.A. § 5913. In this matter, regardless of their overt acts, Appellee and Ms. Fernandez remain lawful spouses. Therefore, the privilege is applicable.

¶ 14 In closing we note that the trial court found guidance from California and West Virginia state court cases presenting similar factual scenarios and considering similar privileges. Trial Court Opinion, 7/30/09, at 9–10 & n. 2, *citing Jurcoane v. Superior Court of Los Angeles County*, 93 Cal.App.4th 886, 113 Cal.Rptr.2d 483 (2001); *People v. Dorsey*, 46 Cal.App.3d 706, 120 Cal.Rptr. 508 (1975); and *State v. Evans*, 170 W.Va. 3, 287 S.E.2d 922 (1982). While we find those cases helpful, we do not need to consider their direct application in this matter, as the clear language of 42 Pa.C.S.A. § 5913 and Pennsylvania precedent provide all that we need to hold that the spousal competency privilege applies in this instance.

 ¶ 15 Consequently, we hold that the spousal competency privilege set forth at 42 Pa.C.S.A. § 5913 applies in situations where the couple has filed for divorce but a divorce decree has not yet been entered. The trial court's order refusing to admit Ms. Fernandez's testimony is accordingly affirmed.

¶ 16 Order affirmed.