J-A24043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
        :          PENNSYLVANIA
        :
v.        :
        :
        :
HAKEEM BRYANT        :
        :
Appellant        :   No. 1493 EDA 2021

Appeal from the PCRA Order Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005374-2015

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:       **FILED DECEMBER 19, 2022**

Hakeem Bryant ("Bryant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2015, Bryant was arrested for repeatedly sexually abusing his girlfriend's daughter while she was aged five through nine years old.  In 2017, the matter proceeded to a non-jury trial at which Bryant's girlfriend, Onita Bryant ("Onita"), testified against him.  At the conclusion of trial, the court convicted Bryant of rape of a child and related offenses and sentenced him to nine to eighteen years in prison followed by seven years of probation.  By stipulation, the trial court designated Bryant as a Sexually Violent Predator ("SVP") subject to lifetime registration requirements.  This Court affirmed the

---

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

judgement of sentence but vacated the SVP designation and remanded for a determination of Bryant's registration requirements. *See Commonwealth v. Bryant*, 200 A.3d 587 (Pa. Super. 2018) (unpublished memorandum). On February 27, 2019, the trial court conducted a resentencing hearing at which it classified Bryant as a Tier III sex offender subject to lifetime reporting requirements.

Bryant filed the instant timely *pro se* PCRA petition in which he alleged that trial counsel was ineffective. The PCRA court appointed counsel who filed an amended petition. Thereafter, the Commonwealth filed a motion to dismiss the petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Bryant did not respond to the notice, and, on June 17, 2021, the PCRA court dismissed the petition.[2] On July 23, 2021, Bryant filed a notice of appeal. Both Bryant and the PCRA court complied with Pa.R.A.P. 1925.

Bryant raises the following issue for our review: "[t]he failure to properly investigate and research and establish marital communication privilege as to Onita which would have disallowed her testimony at trial." Bryant's Brief at 5 (unnecessary capitalization omitted).

---

[2] The certified PCRA court record did not include the June 17, 2021 dismissal order, and the PCRA court docket indicated that the dismissal order was not filed until June 22, 2022. Accordingly, this Court directed the PCRA court to supplement the certified record with a copy of the June 17, 2021 dismissal order and to correct the PCRA court docket to reflect that the order was filed on June 17, 2021. The PCRA court has complied with these directives.

Preliminarily, we must determine whether Bryant filed a timely appeal, as the timeliness of an appeal implicates this Court's jurisdiction. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) (stating that it is well-settled that jurisdiction is vested in this Court upon the filing of a timely notice of appeal, and the timeliness of an appeal may be considered *sua sponte*); *see also* Pa.R.A.P. 903(a) (providing that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken").

The record demonstrates that the PCRA court dismissed Bryant's petition on June 17, 2021. The thirtieth day after June 17, 2021, was July 19, 2021.[3] Bryant did not file his notice of appeal until July 23, 2022, thirty-six days after the order denying Bryant's petition was entered. Accordingly, this Court entered a *per curiam* order directing Bryant to show cause why the appeal should not be quashed as untimely. In response to the rule, Bryant's counsel indicated that he "misrepresented the dates for filing in this matter." Response to Rule to Show Cause, 10/21/21, at 1. Nevertheless, our review of the record discloses that there is no indication on the docket that the dismissal order was served on Bryant's counsel.

---

[3] We note that the thirtieth day upon which Bryant had to file his appeal was July 17, 2021, a Saturday. Accordingly, Bryant had until Monday, July 19, 2021, in which to file a timely notice of appeal. *See* 1 Pa.C.S.A. § 1908 (extending the thirty-day deadline to first non-holiday weekday if the final date falls on a weekend or holiday); *see also* Pa.R.A.P. 903.

- 3 -

Pennsylvania Rule of Criminal Procedure 114(B)(1) requires the clerk of courts to serve promptly a copy of any trial court order or notice on each party's attorney-of-record or on the party, if unrepresented. *See* Pa.R.Crim.P. 114(B)(1). To memorialize that proper service of a trial court order or notice was provided, Rule 114(C)(2)(c) requires the clerk of courts to note, *via* a docket entry, the date of service of such trial court order or notice.[8] *See* Pa.R.Crim.P. 114(C)(2)(c). The appeal period begins to run on the date the clerk of courts mails or delivers a copy of the trial court order or notice to the parties. *See* Pa.R.A.P. 108(a)(1), (d), and *Note* (stating, "[t]he purpose of this rule is to fix a date from which the time periods such as those set forth in Rule 903 (time for appeal) . . . shall be computed"); *see also Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (holding that "[i]n a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket").

Because the PCRA court docket does not contain the entry information prescribed by Rule 114, we are unable to discern the date upon which the

---

[8] The docket entry must also contain, at a minimum, a notation of the date of receipt in the clerk of courts' office of the trial court order or notice and the date appearing on the trial court order or notice. *See* Pa.R.Crim.P. 114(C)(2)(a) and (b).

clerk of courts served Bryant's counsel with a copy of the June 17, 2021 dismissal order. A breakdown in the judicial system occurs if, as is the case herein, the clerk of courts fails to note on the docket the date upon which a trial court order or notice has been served upon a party. *See Jerman*, 762 A.2d at 368 (finding a breakdown in the judicial system and deeming the appeal timely when the clerk of courts failed to serve a copy of an order on the party). As a result of this breakdown, the period in which Bryant may file a notice of appeal has not begun to run. Therefore, we deem Bryant's notice of appeal to be timely filed on July 23, 2021. *Id*. Accordingly, we may address the merits of his issue.

Our standard of review of an order dismissing PCRA relief is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Additionally, to prevail on a claim of ineffective assistance of counsel:

> The petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner

- 5 -

suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel will not be deemed ineffective for failing to pursue an action which would not inure to the benefit of his client. *See Commonwealth v. Allen*, 462 A.2d 624, 628 (Pa. 1983)

The marital communication privilege provides that a spouse cannot testify in a criminal proceeding about confidential communications from one spouse to the other during the marriage, absent consent of the other spouse:

Except as otherwise provided in this subchapter, in a criminal proceeding neither husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial.

42 Pa.C.S.A. § 5914. A lawful marriage is defined based upon the law and not the couple's behavior with respect to that marriage. *Commonwealth v. Valle-Velez*, 995 A.2d 1264, 1269 (Pa. Super. 2010); *see also Commonwealth v. Clanton*, 151 A.2d 88, 92 (Pa. 1959) (holding that "the test is not whether the parties to an allegedly lawful marriage believe that they are married; the test is whether in law they are legally married").

Bryant argues that there is a valid marriage between himself and Onita despite her testimony at trial that there was never a valid marriage. Bryant claims that Onita obtained a marriage license and held a ceremony in New Jersey. Bryant further claims that Onita appropriated and used his last name. He argues that they had taken the necessary actions and believed that they had a valid marriage. Bryant asserts that trial counsel should have objected to Onita's testimony or filed a motion to preclude her statements as a violation of the marital communication privilege. Bryant contends that trial counsel's failure to address the admissibility of Onita's testimony at the pretrial level lacked any reasonable or rational basis and adversely affected the trial outcome.

The trial court considered Bryant's first issue and conclude that it lacked merit. The court reasoned that "[b]oth parties to the marriage in question stated on the record that there was no valid marriage. There is no additional evidence to show that there ever was a valid marriage." PCRA Court Opinion, 8/24/21, at 4.[4] On this basis, the PCRA court concluded that trial counsel was not ineffective for failing to raise a meritless claim. *Id*.

---

[4] The PCRA court additionally determined that, even if there were a legal marriage between Onita and Bryant, none of the communications about which Onita testified would fall under the marital communication privilege because they were not of a confidential nature. *See* PCRA Court Opinion, 8/24/21, at 4.

We discern no abuse of discretion by the PCRA court in determining that trial counsel was not ineffective for failing to invoke the marital communication privilege to preclude Onita's testimony.  At trial, Onita testified that, although she and Bryant "obtained a marriage license in Pennsylvania, [they] held the ceremony in New Jersey."  N.T., 1/10/17, at 20.  Onita further testified, "I found out it wasn't valid so, no, we are not married."  *Id*.; *see also* 23 Pa.C.S.A. § 1301 (providing that "[n]o person shall be joined in marriage in this Commonwealth until a marriage license has been obtained" and that "[a] license issued under this part shall authorize a marriage ceremony to be performed in any county of this Commonwealth").  Additionally, at the sentencing hearing, Bryant testified that Onita's mother disliked him because "[m]e and her daughter never got married."  N.T., 8/30/17, at 18-19.  Thus, as both Onita and Bryant testified in the trial court that they were not lawfully married, and Bryant presented no evidence to the PCRA court indicating otherwise, the PCRA court did not abuse its discretion in concluding that trial counsel was not ineffective in failing to invoke the marital communication privilege.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022