J-S12036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALTERIK Y. BANKS | : | |
| | : | |
| Appellant | : | No. 3043 EDA 2025 |
| | : | |

Appeal from the PCRA Order Entered November 12, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001643-2021

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED JUNE 22, 2026**

Appellant, Alterik Y. Banks, appeals from the order of the Court of Common Pleas of Monroe County dismissing his petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. (PCRA), collaterally challenging his jury trial convictions of corruption of minors, unlawful contact with a minor, and four counts of indecent exposure.[1] The petition was dismissed because it was filed more than a year after the judgment of sentence became final and no statutory exceptions to the PCRA's time-bar applied to permit review of a cognizable claim. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6301(a)(1)(ii), 6318(a)(1) and 3127(a), respectively.

In the opinion written for the direct appeal, the trial court accurately explained the relevant procedural and factual circumstances of this case through the filing of a direct appeal, as follows:

On November 18, 2020, the Commonwealth filed a criminal complaint charging [Appellant] with indecent exposure, corruption of minors, unlawful contact with minor – sexual offenses, and harassment. The charges were lodged against [Appellant] for openly masturbating in front of his girlfriend's (Girlfriend) then 16-year-old daughter (J.A.) in the home [Appellant] and Girlfriend shared with their minor children and J.A. On July 8, 2022, a jury found [Appellant] guilty after trial of four counts of indecent exposure, one count of corruption of minor and one count of unlawful contact with minor. On October 27, 2022, we sentenced [Appellant] to not less than 12 months nor more than 36 months and to pay the costs of the proceedings. Additionally, we ordered [Appellant] to obtain a sexual offender evaluation, comply with all treatment recommendations, have no unsupervised contact with minors, and have no contact with the victim. We also ordered [Appellant] to report to the Monroe County Correctional Facility on November 1, 2022[,] at 9:00 a.m.[,] to commence his period of incarceration. Although [Appellant] was advised at his sentencing hearing, on the record in open court, of his duty to appear to serve his sentence on November 1, 2022, he failed to surrender to the Monroe County Correctional Facility as ordered. He remains at large [through the filing of the trial court's written opinion on February 7, 2023].

On November 7, 2022, [Appellant], through counsel, filed post sentenc[e] motions in the nature of a motion to reconsider sentence, motions for judgment of acquittal challenging the sufficiency and weight of the evidence, and a motion to set aside [the] verdict on the basis of after acquired evidence. On November 9, 2022, we scheduled a hearing on [Appellant's] post sentence motions for the following day and issued a bench warrant due to [Appellant] willfully failing to appear to the Monroe County Correctional Facility to begin serving his sentence. [Appellant], through his counsel, immediately filed a motion for continuance of the hearing on his post sentence motions. The hearing proceeded as scheduled on November 10th. [Appellant] failed to appear for hearing. Again, as of the date of filing of this opinion, [Appellant] remains at large[,] and his whereabouts remain unknown. We

issued an order[,] filed November 15th[,] dismissing [Appellant's] post sentence motions as a result of [his] failure to appear for [a] hearing and failure to surrender to commence his sentence. We also denied [Appellant's] motion to continue the November 10th hearing on his post sentence motions.

On December 8, 2022, [Appellant], through his counsel, filed a notice of appeal to the Superior Court. On the same day, we directed [Appellant] to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. After granting an extension of time, [Appellant's] counsel complied with our order by filing a timely concise statement on January 9, 2023[,] raising […] 16 alleged errors[.]

Trial Court Opinion, 2/2/23, 1-3 (unnecessary capitalization omitted).

Appellant's direct appeal was assigned Appeal Number 236 EDA 2023. On July 7, 2023, the Commonwealth filed a motion in this Court, seeking to quash the appeal, citing Appellant's continuing status as a fugitive and *Commonwealth v. Deemer*, 705 A.2d 827 (Pa. 1997). *See* Commonwealth's Motion to Quash Appeal, 7/7/23, 2. On August 11, 2023, we granted the Commonwealth's motion and quashed the appeal. *See* Superior Court Order, 8/11/23 (236 EDA 2023). No further appeal was filed, and the record was remitted to the Monroe County Court of Common Pleas on October 13, 2023. *See* Superior Court Certificate of Remittal/Remand of Record, 10/13/23 (236 EDA 2023).

On December 27, 2023, Appellant "appeared for a hearing on a bench warrant for failure to appear for sentencing." Trial Court Order, 12/27/23. The court ordered that Appellant be remanded "to serve the balance of his sentence to Monroe County Correctional Facility pending transfer to the

- 3 -

Pennsylvania State Correctional Institution" and dissolved the previously issued bench warrant. *Id.*

On August 29, 2025, Appellant filed a *pro se* PCRA petition. *See Pro Se PCRA Petition*, 8/29/25. In the petition he acknowledged the PCRA time-bar and asserted two "exceptions apply" to permit review of his substantive claims. *Id.*, 3. He alleged the exception for governmental interference in that "Law enforcement withheld or destroyed exculpatory video evidence provided by [Appellant] prior to trial, preventing the claims from being properly raised earlier." *Id.*, 4 (citing 42 Pa.C.S. § 9545(b)(1)(i)). He also alleged the exception for a newly-discovered fact in that he "only recently discovered critical facts that were never presented at trial or on appeal, including:" court orders permitting the sale of his home without notice during incarceration; the relocation of his children and name changes authorized without his participation; and confirmation that no actual service of property-related court papers occurred despite his being in Pennsylvania custody at the time. *Id.*, 4 (citing 42 Pa.C.S. § 9545(b)(1)(ii)). He further asserted that these facts were not known by him "until his family independently discovered them," and that the petition was filed within one year of learning of them. *Id.* Appellant also asserted that he had a lack of awareness of Pennsylvania law as "a lifelong New Jersey resident, unfamiliar with Pennsylvania criminal procedure and PCRA deadlines. [Appellant] was never informed of the one-year time bar, and

due to lack of legal training and his *pro se* status, he was unable to act sooner." ***Id.***, 3.[2]

On September 8, 2025, the PCRA court appointed counsel to represent Appellant. ***See*** PCRA Court Order, 9/8/25. On October 28, 2025, appointed counsel filed a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (1988) (*en banc*), explaining that Appellant's *pro se* petition was untimely filed and neither the governmental interference nor newly-discovered fact exceptions applied to permit review of the substantive claims. ***See Finley*** Letter, 10/28/25, 3-4. In addition, counsel evaluated documentation asserting Appellant's residence in New Jersey and a civil partition action filed by the victim's mother against Appellant concerning their jointly-owned property, and concluded they were irrelevant to any claim properly raised under the PCRA. ***See id.***, 4-5. Along with the ***Finley*** letter, counsel filed a motion to withdraw as counsel. ***See*** Motion to Withdraw as Defendant's Counsel, 10/28/25. On October 29, 2025, the PCRA court filed a notice of its intention to dismiss the PCRA petition, and also granted leave for counsel to withdraw from representing Appellant. ***See*** PCRA Court Order, 10/29/25, 1; PCRA Court Order granting Motion to Withdraw as Defendant's Counsel, 10/29/25.

---

[2] Concurrently with the fling of his *pro se* PCRA petition, Appellant also filed a motion to expedite review of the petition. ***See*** Appellant's Motion to Expedite Review of Post-Conviction Petition, 8/9/25.

On November 6, 2025, Appellant filed a *pro se* amendment to his PCRA petition in which he objected to dismissal of his petition on grounds alleging ineffective assistance of trial counsel; violations of due process in that court mail and legal notices had been sent to his Pennsylvania address even though he was living in New Jersey; fraud and misconduct by his accuser (his former domestic partner); and the failure of both trial and PCRA counsel denying a complete review of his case. ***See*** *Pro Se* Amended PCRA Petition/Objection to Notice of Intention to Dismiss, 11/6/25, 1-2. Appellant also alleged the "negligence" of PCRA counsel because counsel "did not review or include the substantial documentation and evidence that Petitioner provided. Instead, PCRA counsel relied solely on the arrest transcript and omitted proof of illness, non-residency in Pennsylvania, communication records, and evidence of fraud by the accuser." ***Id.***, 1. On November 12, 2025, the PCRA court dismissed Appellant's PCRA petition based on the reasons stated in in the ***Finley*** letter, noting that Appellant's amended petition did not raise any claims not previously addressed. ***See*** PCRA Court Order, 11/12/25, 1-2.

Appellant filed a timely *pro se* notice of appeal. **See** *Pro Se* Notice of Appeal, 11/15/25. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant complied. ***See***

Pa.R.A.P. 1925(b); PCRA Court Order, 11/20/25; *Pro Se* Concise Statement

of Errors Complained of on Appeal, 12/1/25.[3]

Appellant raises three questions for our review in his *pro se* brief:

1. Did the PCRA court err as a matter of law by dismissing Appellant's PCRA Petition without conducting an evidentiary hearing where material facts were in dispute?

2. Did the PCRA court err by relying solely on its prior dismissal order and failing to address newly raised claims and evidence presented in Appellant's Amended PCRA Petition and Objection to the Rule 907 Notice?

3. Did the PCRA court violate Appellant's constitutional rights by treating Appellant as *pro se* without conducting a required **Grazier** hearing or ensuring a knowing and voluntary waiver of counsel?

Appellant's Brief, 1.[4]

When reviewing an order denying a PCRA petition, we examine whether

the determination of the PCRA court is supported by the record and free of

_____

[3] On the same date as he filed his Rule 1925(b) Statement, Appellant also filed with the PCRA court a motion seeking his release on unsecured bail. **See** *Pro Se* Motion for Release on Unsecured Bail During PCRA Proceedings, 12/1/25. Appellant alleged in the motion that, "as of the date of the filing" there had been no ruling on PCRA counsel's motion for withdrawal, the appointment of new PCRA counsel, or whether the court would hold an evidentiary hearing. **See id.**, 1. The PCRA court had granted or denied each of the motions before Appellant filed the notice of appeal.

[4] On May 6, 2026, Appellant filed an application for relief in this Court seeking expedited consideration of his "pending appeals due to urgent medical circumstances," specifically mentioning a need for eye surgery. **See** *Pro Se* Application for Relief, 5/6/26, 1. Appellant attached to the application a note from the emergency medical department he visited, dated October 31, 2022, documenting that he was not cleared to return to work or school, and his travel was restricted "due to significant medical risk." **Id.**, Attachment.

legal error. ***Commonwealth v. Drummond***, 285 A.3d 625, 633 (Pa. 2022). We "consider the record in the light most favorable to the prevailing party at the PCRA level," and "grant great deference to the PCRA court's findings that are supported in the record." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018) (internal quotation marks and citations omitted). Our standard of review of a PCRA court's legal conclusions, however, is *de novo*. ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Id.*** (internal quotation marks and citation omitted); ***see also Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"); ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) ("As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed") (citation omitted).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted).

This Court quashed Appellant's direct appeal on August 11, 2023. *See* Superior Court Order, 8/11/23. No further appeal was filed, and therefore, the judgment of sentence became final on Monday, September 11, 2023, following the expiration of the thirty-day period for filing a petition for allowance of appeal to our Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S. § 9543(b)(3). Appellant therefore had one year from that date to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). As he did not file the instant PCRA petition until August 29, 2025, it was facially untimely.

"If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions" set forth in 42 Pa.C.S. § 9545(b)(1). *Fantauzzi*, 275 A.3d at 996. The statutory exceptions are colloquially known as exceptions for governmental interference, a newly-discovered fact, or a newly-recognized constitutional right which applies retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, Appellant had to plead and prove that he filed his petition within one year of the date any claims for application of the

- 9 -

statutory time-bar exceptions "could have been presented." 42 Pa.C.S. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

In this appeal, Appellant asserts in his Statement of the Case that he "filed a timely *pro se* PCRA Petition raising claims including medical incapacity, inability to appear, out-of-state residency, coercion, and innocence-related evidence." Appellant's Brief, 2. However, he cites no evidence or case law to support his assertion, and the assertion is facially inaccurate. It also is the entirety of his argument with respect to the critical question of jurisdiction before this Court. We therefore find that Appellant's petition, filed more than a year after his judgment of sentence became final, following the quashal of his direct appeal, was untimely and Appellant abandoned any argument that a statutory exception might apply to render his petition reviewable. *See Commonwealth v. Hartzell*, 988 A.2d 141, 145 (Pa. Super. 2009) (finding two appellate issues waived where the appellant "provided only one short paragraph in support of each […], neither of which contains any citation to authority"); *Commonwealth v. Bobin*, 916 A.2d 1164, 1168 (Pa. Super. 2007) (finding arguments waived on appeal when "amounting to less than one half page and containing no analysis or case citation").

The PCRA petition was filed more than a year after the judgment of sentence became final. On appeal Appellant incorrectly asserts the contrary without presenting any argument that a statutory exception to the PCRA's

time-bar might apply to permit review. Accordingly, we affirm the order dismissing Appellant's untimely PCRA petition.[5]

  Order affirmed. *Pro Se* Application for Relief dismissed as moot.

---

[5] Even if we were to review the assertions in the *pro se* petition that either the governmental interference or newly-discovered fact exceptions to the time bar applied, we would conclude, as did PCRA counsel and the PCRA court, that Appellant did not prove that either exception permitted review of the specified claims. We note, first off, that an exception to the time-bar is claim specific. **See *Commonwealth v. Porter***, 35 A.3d 4, 13-14 (Pa. 2012).

Appellant asserted the governmental interference exception for his claim that the Commonwealth suppressed exculpatory video evidence that was "provided by [Appellant] prior to trial[.]" *Pro Se* PCRA Petition, 8/29/25, 4. This issue was the subject of both a motion at trial and post-sentence motion. ***See*** M.T. Trial, 7/8/22, 3-4, 122-124; Post-Sentence Motion, 11/7/22, § VIII. Whatever involvement the police may have had in losing access to the video evidence, it did not prevent Appellant from raising the claim on direct appeal, and therefore, he could not demonstrate the "the failure to raise the claim previously was the result of interference by government officials." 42 Pa.C.S. § 9545(b)(1)(i).

Appellant asserted the newly-discovered fact exception for his claims that he "only recently discovered critical facts that were never presented at trial or on appeal, including:" court orders permitting the sale of his home without notice; the relocation of his children and name changes for the children authorized without his participation; and confirmation that no actual service of property-related court papers occurred while he was in Pennsylvania custody. *Pro Se* PCRA Petition, 8/29/25, 4. Without opining on the merits of Appellant's property-related claims, we conclude that the documentation proffered by Appellant concerning a civil partition action filed by the victim's mother is irrelevant to his criminal convictions or any claim for which relief might be granted under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2) (setting forth claims for which relief may be granted under the PCRA). His complaints about the sale of his home without his knowledge, while incarcerated and without proper notice, must be resolved, if at all, in the separate civil action.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/22/2026</u>