Richard D. Danner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, April 19, 1982:

The petitioner, Richard D. Danner, who says that he terminated his employment because of harassment by fellow workers, now challenges a decision of the Unemployment Compensation Board of Review (Board) which denied benefits on the ground that he did not notify his supervisor of the harassment and that he therefore did not have necessitous and compelling cause to quit.[1]

The petitioner had the burden of establishing that he had a necessitous and compelling cause for terminating his employment and it is generally required that, in sustaining this burden, a claimant must inform his supervisor of the existence of such harassment. *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979). It is also true that cause for quitting is shown if the circumstances in the particular situation produce a real and substantial pressure to terminate employment which would compel a reasonable person to do so. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 354, 378 A.2d 829 (1977).

---

[1] For unexplained reasons, two separate applications for benefits were filed in this case and both were considered and decided by the Board. The two identical determinations of the Board were appealed and were consolidated here.

In the present case, the referee and the Board found that the harassment which was inflicted on the petitioner[2] would have been sufficient to constitute necessitous cause if he had attempted to maintain the employment relationship by asking his supervisor to put an end to the objectionable conduct. The petitioner testified, however, that his supervisor, who was the plant manager, had himself taunted and abused him and was present on numerous occasions when other employees had harassed him. The supervisor denied any such abusive conduct on his own part, but did admit that he was generally aware of what the other employees were doing to the petitioner.

In light of the circumstances of this particular case, we must conclude that the Board erred in denying benefits. The harassment here was of a peculiarly virulent and embarrassing nature and we believe that the petitioner's supervisor, who admittedly was aware of the reason for and the existence of the harassment, had a duty to step in and remedy the situation. This business employed fewer than 10 persons during the petitioner's shift and the consequent familiarity and close contact among the employees could only tend to exaggerate this unfortunate atmosphere. We must conclude that the petitioner, who was faced with an unbearable work environment which his supervisor did not correct,[3] acted as a reasonable person would under these circumstances.

[2] The petitioner testified that a number of his fellow employees, including his foreman, had questioned him as to whether or not his girl friend had had a sex change operation and that they often verbally abused him in an extremely derogatory manner and physically pushed him. The petitioner stated that on the day that he had resigned, two of the other employees had pushed papers on which he was working onto the floor and that they had pushed and taunted him when he attempted to pick them up.

[3] Because we have resolved the case on this issue, we need not determine whether or not it would be necessary for us to remand

Inasmuch as we believe that the Board capriciously disregarded competent evidence in this matter, *Galla v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 238, 435 A.2d 1344 (1981), we will reverse its order and remand the case for computation of benefits.

### ORDER

AND Now, this 19th day of April, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is hereby remanded for computation of benefits.

This decision was reached prior to the resignation of Judge MENCER.

Judge PALLADINO did not participate in the decision in this case.

---

this matter to the Board for a finding as to whether or not the petitioner's supervisor had himself participated in the harassment.