IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kera L. Downey,                              :
                    Petitioner              :
                                            :
        v.                                  :    No. 1466 C.D. 2013
                                            :    Submitted: May 23, 2014
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                       FILED: August 8, 2014


        Kera L. Downey (Claimant) petitions for review of an adjudication of

the Unemployment Compensation Board of Review (Board) denying her claim for

benefits under the Unemployment Compensation Law (Law).[1]    The Board

concluded that Claimant was ineligible for unemployment benefits under Section

402(b) of the Law[2] because Claimant voluntarily quit her job without a necessitous

and compelling cause.  Finding no error by the Board, we affirm.

        Claimant worked for Morgan AM&T (Employer) as a quality

technician from April 12, 2009, to April 19, 2013.  Claimant resigned on April 22,

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-914.

[2] Section 402(b) of the Law provides, in relevant part, that an employee is ineligible for
unemployment benefits when her unemployment is due to "voluntarily leaving work without
cause of a necessitous and compelling nature[.]"  43 P.S. § 802(b).

2013, and applied for unemployment benefits. The UC Service Center denied her application. Claimant appealed, and a hearing was held before a Referee, by telephone, on June 4, 2013. Claimant appeared *pro se*; Employer did not participate.

Claimant testified that she had a difficult time working with her co-workers and that her supervisor often sided with these co-workers when disputes arose. Claimant testified that Employer continuously added responsibilities to her position and cross-trained Claimant for other jobs. According to Claimant, the hostility in the workplace, coupled with the increasingly complex tasks she was assigned, created a great deal of stress. Claimant further testified that this stress affected her work performance, which resulted in a "very, very bad" performance review in February of 2013. Notes of Testimony, June 4, 2013, at 9 (N.T. ___).

On April 19, 2013, Claimant and her supervisor discussed Claimant's job performance. Claimant testified that her supervisor spoke to her in a "very unprofessional" tone and with a "flailing of the arms[.]" N.T. 7-8. This encounter led Claimant to believe she was at risk of being fired. Claimant went to Employer's Human Resources department on April 22, 2013, to resolve her concerns. Claimant spoke to Mark Moore (Moore), a Human Resources employee, about her difficulties with learning her new duties and working with her co-workers. Claimant expressed her desire to return to a position with fewer responsibilities. Claimant testified that Moore told her that she might be able to achieve this if she resigned and then applied for such a position. Based on this advice, Claimant decided to resign. However, Claimant did not testify that Moore told Claimant that she would be fired if she did not resign or guarantee that she would be re-hired in a position if she resigned.

2

The Referee found that Claimant's unsubstantiated feeling she was about to be fired did not provide a valid basis for her to believe termination was imminent. The Referee also found that Claimant failed to attempt to preserve her employment by discussing her concerns with her immediate supervisor. Based upon these findings, the Referee concluded that Claimant voluntarily quit "because she felt she could not perform the work that was being required of her."[3] Referee's Decision, dated May 2, 2013, at 1, Findings of Fact No. 5. The Referee determined that Claimant's decision to quit was made without a necessitous and compelling cause. On review, the Board adopted the Referee's findings of fact and conclusions of law and affirmed the denial of benefits. Claimant now petitions for this Court's review.

On appeal,[4] Claimant raises three issues. First, Claimant argues that, as the victim of workplace harassment, she had a necessitous and compelling reason to terminate her employment.[5] Second, Claimant argues that she quit for a necessitous and compelling reason because she was deceived as to the scope of her job responsibilities when she was hired in 2009. Third, Claimant requests that the case be remanded to the Referee so that she can develop more testimony to support her arguments.

---

[3] The Referee did not find that Moore's suggestion that Claimant might be re-hired was a factor in Claimant's decision to quit.

[4] This Court's scope of review is limited to determining whether the findings of fact are supported by substantial evidence, the Board violated the Claimant's constitutional rights, or errors of law were committed. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843 (Pa. Cmwlth. 1987) (citing 2 Pa. C.S. § 704).

[5] Employer argues that Claimant waived this issue by not testifying before the Referee that she was the victim of harassment. We disagree. Although Claimant did not use the word "harassment" before the Referee, such a claim can be inferred from Claimant's testimony.

In a Section 402(b) case, the claimant bears the burden of proving that she voluntarily resigned for necessitous and compelling reasons. *Danner v. Unemployment Compensation Board of Review*, 443 A.2d 1211, 1212 (Pa. Cmwlth. 1982). As part of her burden, a claimant must show that she addressed her concerns with her supervisor prior to quitting. *Id*. "Necessitous and compelling cause" is defined as "a real and substantial pressure to terminate employment which would compel a reasonable person to do so." *Id*. Determination of what constitutes a necessitous and compelling cause for resigning is a question of law subject to this Court's review. *Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010).

Claimant first argues that harassment in the workplace provided her with a necessitous and compelling reason to resign. In considering such a claim, this Court has held:

> Resentment of a reprimand, absent unjust accusations, profane language or abusive conduct…; mere disappointment with wages…; and personality conflicts, absent an intolerable working atmosphere … do not amount to necessitous and compelling causes.

*Lynn v. Unemployment Compensation Board of Review*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981). Racial slurs and excessive taunting are examples of the type of conditions that may constitute a necessitous and compelling reason to voluntarily terminate one's employment. *See, e.g., Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829 (Pa. 1977) (employee had necessitous and compelling reason to quit after employer repeatedly called him racially derogatory names); *Mercy Hospital of Pittsburgh v. Unemployment Compensation Board of*

4

*Review*, 654 A.2d 264, 266 (Pa. Cmwlth. 1995) (employee had necessitous and compelling reason to quit after his co-workers repeatedly called him "faggot," "alcoholic," and "crazy" and employer was given an opportunity to fix the problem); and *Danner*, 443 A.2d 1211 (employee had necessitous and compelling cause to quit after employer failed to address employee's complaints of verbal abuse and harassment by co-workers).

Here, Claimant failed to meet her burden of showing that the harassment she experienced rose above personality conflicts with her co-workers or reprimands by her supervisor. A supervisor speaking to an employee in an unprofessional manner, while gesticulating, pales in comparison to the conduct of the employers in *Taylor*, *Mercy Hospital*, and *Danner*. Rather, Claimant's situation resembles that of the claimant in *Astolfi*, 995 A.2d 1286. There, the claimant worked in a small office where the employees often argued with one another. When the claimant expressed concerns about her work environment, her supervisor told her she was acting like a child. The supervisor also repeatedly yelled at the claimant and told her to improve her performance. This stressful environment caused the claimant to develop hives and headaches, and her doctor advised her to quit her job. This Court held that the claimant did not demonstrate necessitous and compelling cause to quit because she showed only that her work environment was uncomfortable, not intolerable.

In the case *sub judice*, Claimant's only evidence of harassment was her testimony that her supervisor spoke to her in an unprofessional manner. When asked to elaborate on what the supervisor said, Claimant stated, "I can't even remember. She's just really high strung and I'm not high strung." N.T. 7. This does not show an intolerable work environment. As in *Astolfi*, Claimant's

5

uncomfortable work environment did not give her a necessitous and compelling reason to quit.

In her second issue, Claimant argues that she had a necessitous and compelling reason to resign because she was deceived about the scope of her job duties when she was hired in 2009. This argument lacks merit. With respect to modification of an employee's job duties, this Court has held:

> [W]hen an employer hires an employee the employee is usually assigned to perform particular tasks in assigned places at assigned times, but the employer need not agree never to modify the tasks or the times or places where the tasks are to be performed. As long as the modifications are reasonable, the employee must abide by the employer's decision or risk being held ineligible for unemployment compensation benefits if he refuses.

*Kistler v. Unemployment Compensation Board of Review*, 416 A.2d 594, 597 (Pa. Cmwlth. 1980). There is no evidence in the record that Claimant's new responsibilities were drastically different from her original duties when she was hired as a quality technician. Moreover, Claimant's argument that Employer deceived her about the scope of her duties is belied by the statement in her Petition for Review that she "quit because of the work environment[,] *not the extra job duties.*" Petition for Review (emphasis added).

In her third issue, Claimant contends that this Court should remand her case to the Board for her to offer additional testimonial evidence.[6] According

---

[6] The Board argues that Claimant has waived this issue because it was not raised in her petition for review. Pa. R.A.P. 1513(d) states that an appellate jurisdiction petition for review must contain "a general statement of the objections to the order or other determination," which "will be deemed to include every subsidiary question fairly comprised therein." A proposed amendment to Rule 1513 deletes the "subsidiary question" clause and states that "the omission of **(Footnote continued on the next page . . .)**

6

to Claimant, she was so nervous during the Referee's hearing that she was unable to develop the record adequately and, therefore, the matter should be remanded. Claimant further contends that she "did not understand the burden of proof or what the standards of evidence for this type of matter were." Claimant's Brief at 22.

When conducting hearings before an unrepresented party, referees are encouraged to "advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of [their] official duties." 34 Pa. Code § 101.21(a). However, this rule does not require that the referee act as an advocate for an unrepresented party. *Vann v. Unemployment Compensation Board of Review*, 494 A.2d 1081, 1085 (Pa. 1985). Although the referee must offer reasonable assistance to a *pro se* litigant, ultimately "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Id.* at 1086 (quoting *Groch v. Unemployment Compensation Board of Review*, 472 A.2d 286, 288 (Pa.Cmwlth. 1984)).

Contrary to Claimant's argument on appeal, the Referee did advise her of her rights and the burden and quantum of proof necessary for her to prevail. At the beginning of the hearing, the Referee stated:

> [Referee:] You have the right to be represented by an attorney or other non legal advisor today. You have the right to present evidence, testimony and witnesses on your behalf. You also

---

**(continued . . .)**

an issue from the statement [of objections] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." 44 Pa. Bull. 2052 (April 5, 2014). In light of the pending change to Rule 1513, we will decide the merits of Claimant's appeal. The outcome is the same.

7

have the right to cross examine witnesses from the opposing parties. Are you aware of your rights?

[Claimant:] Yes I am.

N.T. 2. The Referee further explained that "[i]n these cases the burden is on the [c]laimant to prove that the reason for voluntarily leaving employment was in fact compelling and necessitous." N.T. 3. Claimant essentially asks for the proverbial "second bite at the apple," which is not a sufficient ground for remand. Because the Referee properly informed Claimant of her rights, Claimant's failure to develop the record to her satisfaction is no ground for remand.

In sum, Claimant failed to demonstrate that the harassment she experienced in the workplace was severe enough to provide her with a necessitous and compelling cause to quit. Furthermore, Claimant failed to establish that the additional job duties she was assigned provided her with a necessitous and compelling reason to quit. Lastly, Claimant failed to establish a valid basis for remanding the matter to the Referee.

For these reasons, we affirm the Board's decision denying Claimant benefits under Section 402(b) of the Law.

_____
MARY HANNAH LEAVITT, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kera L. Downey,                          :
                  Petitioner      :
                                  :
          v.                          :   No. 1466 C.D. 2013
                                  :
Unemployment Compensation                :
Board of Review,                         :
                  Respondent      :

# **O R D E R**

AND NOW, this 8th day of August, 2014, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated August 5, 2013, is AFFIRMED.

                                            _____

                                            MARY HANNAH LEAVITT, Judge