IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lexi S. Bowersox,  :
                Petitioner  :
                 :
         v.  : No. 1360 C.D. 2016
                 : Submitted: January 6, 2017
Unemployment Compensation  :
Board of Review,  :
                Respondent  :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: March 16, 2017

Lexi Bowersox (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for benefits under the Unemployment Compensation Law (Law).[1]  The Board concluded that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Law, 43 P.S. §802(b),[2] because Claimant voluntarily quit her job without a necessitous and compelling cause.  Finding no error by the Board, we affirm.

Claimant worked for Somerset Chiropractic Service (Employer) as a part-time receptionist from August 31, 2012, to October 23, 2015. Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-918.10.

[2] Section 402(b) of the Law provides, in relevant part, that an employee is ineligible for unemployment benefits when her unemployment is due to "voluntarily leaving work without cause of a necessitous and compelling nature[.]"  43 P.S. §802(b).

tendered her resignation on October 16, 2015, with an effective date of October 30, 2015. She applied for unemployment benefits. The UC Service Center granted her claim, and Employer appealed. The Referee conducted a hearing on January 26, 2016, after which he reversed the UC Service Center's decision. Claimant appealed that decision, and on May 4, 2016, the Board issued an order remanding the matter for the Referee to consider Claimant's eligibility under Section 402(e) of the Law, 43 P.S. §802(e).[3] A remand hearing was held on June 2, 2016. Claimant appeared *pro se*, and Employer appeared with counsel.

The following facts are adduced from the testimony presented at both hearings. Employer is a Pennsylvania chiropractic business co-owned by Thomas and Margaret Connelly, both of whom supervised Claimant. Claimant testified that Mrs. Connelly subjected Claimant to verbal mistreatment, which included yelling and sometimes refusing to speak to Claimant. Further, on multiple occasions, Mrs. Connelly would communicate with Claimant with notes rather than speaking to her directly. For example, Claimant testified about a note on the thermostat stating that no one except Mrs. Connelly could adjust the thermostat temperature; previously, it was Claimant's job to adjust the thermostat when appropriate.

Claimant testified that when she spoke to the Connellys and requested an explanation for her mistreatment, she was informed that Claimant had done nothing wrong and was not being mistreated. Nothing changed. Accordingly, on October 16, 2015, Claimant tendered her resignation, effective October 30, 2015, and Employer began looking for her replacement. On October 21, 2015, Claimant asked for her job back, but her request was refused. She made the request again

---

[3] Section 402(e) of the Law bars a claim for benefits where the claimant was discharged for willful misconduct. 43 P.S. §802(e). That section is not at issue in this appeal.

2

two days later, and it was refused again. Because Claimant's services were no longer required, October 23, 2015, was her last day of work.

The Connellys testified that they did not mistreat Claimant and always treated her in a business-like manner and no different than other employees. Further, the Connellys testified that they told Claimant on multiple occasions that there were no issues with her performance of her job duties.

The Board found Employer's testimony credible and resolved all conflicts in the testimony in Employer's favor. The Board rejected Claimant's claims that she worked in a hostile work environment and held that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b), because she did not attempt to preserve her employment before quitting. Claimant petitioned for this Court's review.

On appeal,[4] Claimant raises three issues. First, Claimant argues that as a victim of mistreatment in the workplace, she had a necessitous and compelling reason to terminate her employment. Second, Claimant argues that the Referee failed to adequately assist her at the hearing. Third, Claimant argues that the Board did not review all of the evidence submitted in the case.

In a Section 402(b) action, the claimant bears the burden of proving that she voluntarily resigned for necessitous and compelling reasons. *Danner v. Unemployment Compensation Board of Review*, 443 A.2d 1211, 1212 (Pa. Cmwlth. 1982). As part of her burden, a claimant must demonstrate that she addressed her concerns with her supervisor prior to quitting. *Id.* This Court has

---

[4] Our review is to determine "whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 814 n.2 (Pa. Cmwlth. 2008) (citation omitted).

defined "necessitous and compelling cause" as "a real and substantial pressure to terminate employment which would compel a reasonable person to do so." *Id.* Determining what constitutes a necessitous and compelling reason for resigning is a question of law subject to this Court's review. *Ann Kearney Astolfi DMD PC. v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010).

Claimant first argues that Employer's mistreatment of her provided her with a necessitous and compelling reason to resign. In considering such an argument, this Court has held:

> Resentment of a reprimand, absent unjust accusations, profane language or abusive conduct, []; mere disappointment with wages, []; and personality conflicts, absent an intolerable working atmosphere, [], do not amount to necessitous and compelling causes.

*Lynn v. Unemployment Compensation Board of Review*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981) (citations omitted). Racial slurs and excessive taunting are examples of the types of conditions that may constitute a necessitous and compelling reason to voluntarily terminate employment. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829 (Pa. 1977) (holding that employee had necessitous and compelling reason to quit because employer repeatedly called him racially derogatory names); *Mercy Hospital of Pittsburgh v. Unemployment Compensation Board of Review*, 654 A.2d 264, 266 (Pa. Cmwlth. 1995) (holding that employee had necessitous and compelling reason to quit after co-workers repeatedly called him derogatory names such as "faggot," and employer was given opportunity to fix problem).

4

Here, Claimant failed to meet her burden of demonstrating that her alleged mistreatment was anything more than a personality conflict with her supervisors. Claimant's situation is analogous to that of the claimant in *Astolfi*, 995 A.2d 1286. In *Astolfi*, the claimant worked in a small office, where the employees often argued with one another. When the claimant expressed her concerns about the work environment to her supervisor, she was told that she was acting like a child. The supervisor also repeatedly yelled at the claimant. This Court held that this record did not give the claimant a necessitous and compelling cause to quit.

Here, as in *Astolfi*, Claimant has demonstrated that her work environment was uncomfortable. Claimant's only evidence of mistreatment was her testimony that one supervisor yelled at her and sometimes refused to communicate face to face. Significantly, Claimant twice asked for her job back after she resigned, which suggests that Claimant's work environment was not intolerable. Because Claimant did not establish an intolerable work environment, she failed to prove that she had a necessitous and compelling reason to quit.

Claimant next argues that the Referee failed to adequately assist her during the hearing. Specifically, Claimant contends that the Referee did not allow her adequate time to review the record and did not aid her in developing relevant evidence during the hearing.

When conducting a hearing with an unrepresented party, a referee is encouraged to "advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of [the referee's] official duties." 34 Pa. Code §101.21(a). This rule, however, does not require that the referee act as an advocate for an unrepresented

5

party. *Vann v. Unemployment Compensation Board of Review*, 494 A.2d 1081, 1085 (Pa. 1985). Although the referee must provide reasonable assistance to a *pro se* litigant, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Id.* at 1086 (quoting *Groch v. Unemployment Compensation Board of Review,* 472 A.2d 286, 288 (Pa. Cmwlth. 1984)).

Contrary to Claimant's arguments on appeal, the Referee assisted Claimant in examining her witnesses throughout the hearing to ensure she had an opportunity to develop the facts of her case. Claimant's contention that the Referee was required to instruct her as to the relevancy of documents and other evidence and assist her in responding to Employer's objections assumes that the Referee's role was to act as her advocate, which this Court has made clear is not the case. *Brennan v. Unemployment Compensation Board of Review*, 487 A.2d 73, 77 (Pa. Cmwlth. 1985) (stating that referee is not required to, and should not assume, the role of claimant's advocate). In sum, Claimant's second argument lacks merit.

Finally, Claimant argues that the Board did not review all of the evidence submitted in the case. Claimant asserts that if the Board had reviewed the transcripts, it would have found procedural errors. Specifically, Claimant claims that: (1) the Referee was biased against her at the hearing; (2) neither she nor Employer received a copy of the Employer's initial appeal from the UC Service Center's notice of determination until after the first hearing; and (3) she should have received copies of her own separation information questionnaire, Employer's separation information questionnaire and the records of certain oral interviews.

6

Even if this Court agreed that Claimant has identified procedural errors, which it does not, she has not demonstrated how any of the alleged errors prejudiced her. It is axiomatic that a litigant is not entitled to a *perfect* hearing, but rather a *fair* hearing. *Commonwealth v. Wright*, 961 A.2d 119, 135 (Pa. 2008) (holding that, even in the more stringent criminal context, a capital defendant is not entitled to a perfect trial). If a claimant is asserting a procedural error, she must establish prejudice in order to prevail. *D.Z. v. Bethlehem Area School District*, 2 A.3d 712, 719 (Pa. Cmwlth. 2010). In the instant case, Claimant did not allege any harm from any of the alleged errors. Moreover, Claimant was afforded not one but two hearings during which she explained, at length, the reasons for her separation from employment. Claimant had a full and fair opportunity to show that she had a necessitous and compelling reason to quit her job. Unfortunately she failed to carry her burden of proof.

For all these reasons, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lexi S. Bowersox,           :
          Petitioner    :
                      :
          v.            :    No. 1360 C.D. 2016
                      :
Unemployment Compensation  :
Board of Review,          :
          Respondent  :

## **O R D E R**

AND NOW, this 16th day of March, 2017, the order of the Unemployment Compensation Board of Review dated June 27, 2016, in the above-captioned matter is AFFIRMED.

                                     _____
                                       MARY HANNAH LEAVITT, President Judge